**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CASE NO. 21-1449 (M)** |
| **[1] JULIO ALMONTE-GARCIA**<br>**[2] WINTON SIERRA-MARTINEZ**<br>**[3] MARIO SILVERIO-SANCHEZ**<br>**[4] FRANK JUNIOR CALDERON**<br>**Defendants** | |

**ORDER**

A Criminal Complaint was filed against Defendants on November 24, 2021. The Criminal Complaint and the affidavit filed in support allege that Defendants incurred in violations to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846, and 18 U.S.C. § 2; conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and possession with intent to distribute five (5) kilograms or more of cocaine. Winton Sierra-Martínez was brought before the Court on December 8, 2021 for a Preliminary and Bail Hearing. For the reasons discussed below, the Court finds that the Government established probable cause that Winton Sierra-Martínez violated 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846, and 18 U.S.C. § 2.

A. Preliminary Hearing Standard

Under Rule 5.1 of the Federal Rules of Criminal Procedure, a defendant charged with a felony is entitled to a preliminary hearing. "A preliminary hearing under Fed.R.Crim.P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. It is not a discovery mechanism for defendants and is not a trial to determine guilt or innocence. […] [P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I.) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

It thus follows that "[t]he government's burden to establish probable cause at this preliminary stage is low." Id.; US v. Fontalvo, 2008 WL 1994817 (D.R.I.). According to the U.S. Supreme Court in Gates, the concept of probable cause is a "practical, non-technical" one. Illinois

v. Gates, 462 U.S. 212, 231 (1983) (citation omitted). It is a matter of probabilities—not hard certainties—and the Court must consider such probabilities considering "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. (quoting Brinegar v. United States, 338 U.S. 160 at 175 (1949)). Accordingly, "[b]oth circumstantial evidence and the reasonable inferences drawn from it can support a finding of probable cause." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (citing United States v. Swope, 542 F.3d 609, 616 (8th Cir. 2008) and United States v. Hilario, 2009 WL 2913957 at * 1 (D.R.I.)). "A finding of probable cause may [also] rest upon evidence which is not legally competent in a criminal trial." United States v. Ventresca, 380 U.S. 102, 107 (1965) (citations omitted). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings. Fed.R.Evid. 1101(d)(3). As a result, a finding of probable cause may be based, in whole or in part, on hearsay evidence. And evidence at the preliminary hearing is not subject to objections on grounds that it was unlawfully acquired. Fed.R.Crim.P. 5.1(e); United States v. Balestier-Sanches, 2014 WL 993551 at * 1.

B.    Probable Cause as to Winton Sierra-Martínez

The Government relied on the affidavit filed in support of the Criminal Complaint, which was authored and duly sworn by Special Agent of Homeland Security Investigations ("HSI"), Gabriel Ortiz, and on the testimony of HSI Special Agent Louis Rivera. Pursuant to the information contained in the affidavit, on November 24, 2021, while on routine patrol, a Caribbean Air Maritime Branch Maritime Patrol Aircraft located a vessel of interest traveling north of Vega Baja, Puerto Rico. The vessel was a "yola" suspected of drug smuggling. The United States Coast Guard was authorized to provide warning and disabling shots in the event the vessel did not comply with the Coast Guard's commands and to board the vessel. When the Coast Guard arrived, 10-15 packages were seen being jettisoned from the vessel. The vessel was eventually stopped, and the Coast Guard identified four (4) persons as the crew, including Winton Sierra-Martinez. A total of 16 bales were recovered, which tested positive to cocaine. Per the affidavit, the approximate sea weight of the 16 bales was 400 kilograms.

During his testimony, Special Agent Rivera testified that he reviewed reports prepared by law enforcement regarding the matters in the affidavit, the criminal complaint, the affidavit submitted in support, and certain photographs taken of the above-described intervention. Agent Rivera adopted the content of the affidavit but clarified that the total amount of drugs seized was not 400 kilograms but 684 kilograms of cocaine. He explained that the drug weight included in the affidavit was an estimate based on a sample but that the actual amount recovered was more than estimated. Agent Rivera identified Winton Sierra-Martínez as one of the persons aboard the vessel at issue through the photographs taken by the Coast Guard and because Winton Sierra-Martínez was one of the persons off loaded from the vessel and turned to the custody of HSI.

There is a probable cause that Winton Sierra-Martínez violated 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846, and 18 U.S.C. § 2. It is more than reasonable to conclude that, based on the totality of the circumstances, the bales of cocaine observed to have been jettisoned from the vessel and recovered were transported and discarded by the crew in the target vessel. Further, there is sufficient evidence to conclude that Winton Sierra-Martínez was one of the crew members as he was photographed and off loaded from the vessel prior to his arrest. Given the amount recovered

by HSI agents—684 kilograms of cocaine—it is only a short step to conclude that Winton Sierra-Martínez conspired and possessed the controlled substances with intent to distribute. See United States v. Sepúlveda, 102 F.3d 1313, 1316 (1st Cir. 1996) (there being no indication that an empty apartment was used for any other purpose than the distribution of drugs, it is only a short step to suppose that those present in the otherwise vacant apartment were probably drug dealers or purchasers); United States v. Fontalvo, 2008 WL 1994817 (D.R.I.) (even when direct evidence of knowledge is absent, if the evidence links defendant to packages containing substantial amounts of heroin, probable cause is established).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 13th day of December 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge